

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

# FILED

SEP 1 2 2022

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| United States District Court | Northern District of Oklahoma |
|---|---|

| Name (under which you were convicted): Keith Lorenzo Sumpter | Docket or Case No.: 22-CV-0343-JFH-JFJ |
|---|---|

| Place of Confinement : Dick Conners Correctional Center, Hominy, Oklahoma. | Prisoner No.: 799319 |
|---|---|

| Petitioner (include the name under which you were convicted) Keith Lorenzo Sumpter | v. | Respondent (authorized person having custody of petitioner) The Director of Oklahoma Corrections |
|---|---|---|

The Attorney General of the State of:

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Oklahoma County District Court, Oklahoma City, Oklahoma

   (b) Criminal docket or case number (if you know): CF-2016-4057

2. (a) Date of the judgment of conviction (if you know): July 18, 2018

   (b) Date of sentencing: July 18 2018

3. Length of sentence: 35-years / 85% to Criminal offense

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: Indecent or Lewd Acts with a Child Under Sixteen (16) years old

6. (a) What was your plea? (Check one)

   ☒ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty            ☐ (4)  Insanity plea

/ Mail    ___No Cert Svc    ___No Orig Sign
___CiJ    ___C/MJ    / ___C/Ret'd    ___No Env
___No Cpy's    / No Env/Cpy's    ___OJ    ___OMJ

AO 241 (Rev. 09/17) OKND Mod 07/2019

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *Oklahoma Court of Criminal Appeals*

(b) Docket or case number (if you know): *F-2018-738*

(c) Result: *Affirmed in an Unpublished decision*

(d) Date of result (if you know): *December 19, 2019*

(e) Citation to the case (if you know): *Not Published*

(f) Grounds raised: *Proposition I: a hearsay statement that is against the Penal Interest of the declarant is Admissible if there Are Corroborating Circumstances that indicate trustworthiness. Fredrek's Affidavit was Against her Penal Interest and was Corroborated, therefore, it WAS ERROR to Refuse to admit the Exculpatory Affidavit.*

**[SEE ESpecially, Attachment (A) for Continuation of Q-9(F)]**

(g) Did you seek further review by a higher state court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Name of court: *N/A*

(2) Docket or case number (if you know): *N/A*

(3) Result: *N/A*

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _N/A_

(5) Citation to the case (if you know): _N/A_

(6) Grounds raised: _N/A_

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _N/A_

(2) Result: _N/A_

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: _Oklahoma County District Court_

(2) Docket or case number (if you know): _CF-2016-4057_

(3) Date of filing (if you know): _May 12, 2020_

(4) Nature of the proceeding: _Application For Post-Conviction Relief_

(5) Grounds raised: _Proposition I : Petitioner has a Right_
_Challenge his Conviction and Sentence Under the_
_Post-Conviction Procedure Act because the Conviction_
_and Sentence were in Violation of the Constitution_
_of the United States; the Constitution of Oklahoma_
_and the Laws of the State._

_x * (See Especially Attachment (B) for Continuation of Q-11(a)(5)_
_Above )._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: _denied_

AO 241 (Rev. 09/17) OKND Mod 07/2019

(8) Date of result (if you know): *July 13, 2020*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: *Oklahoma County District Court*

(2) Docket or case number (if you know): *CF-2016-4057*

(3) Date of filing (if you know): *April 19, 2020*

(4) Nature of the proceeding: *Second Application For Post Conviction Relief*

(5) Grounds raised: *✗ Proposition I: The District Court Lacked Subject Matter Jurisdiction, because the offense as charged occurred in "Indian Country" and 18 U.S.C. Section 1153 (a), provides for Exclusive Federal Jurisdiction; Petitioner's Conviction is [VOID] "AB-INITIO"*

*✗✗ (See Especially, Attachment (C) for Continuation of (9-11-(8)-(b))*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: *The Court granted the States Request to Strike the Post-Conviction*

(8) Date of result (if you know): *August 19, 2022*

(c) If you filed any third petition, application, or motion, give the same information: *N/A*

(1) Name of court: *N/A*

(2) Docket or case number (if you know): *N/A*

(3) Date of filing (if you know): *N/A*

(4) Nature of the proceeding: *N/A*

(5) Grounds raised: *N/A*

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No *N/A*

(7) Result: _____ *N/A* _____

(8) Date of result (if you know): _____ *N/A* _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☒ No

(3) Third petition:    ☐ Yes    ☐ No *N/A*

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: *Petitioner has been Repeatedly denied his 5th, 6th and 14th Amendment Right to Confront and examine his Accuser.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*In September 16, 2016, during the Preliminary Hearing Proceedings Ms. Frederick testified before the Court, stating Under Oath that she witnessed Mr. Sumpter Committing a Sexual Crime against her daughter (L.H.). On February 2, 2017, Some five (5) months after Ms. Frederick testified against Petitioner, [She] of her own Free-*

*** See Attachment (d) & Continuation of Ground (1) Supporting Facts**

(b) If you did not exhaust your state remedies on Ground One, explain why: _____ *N/A* _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17) OKND Mod 07/2019

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _N/A_

_____

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No  _N/A_

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No  _N/A_

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No  _N/A_

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

_____

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _N/A_

**GROUND TWO:** _Trial Counsel, Don Jackson was Ineffective throughout the Representation of Petitioner Sumpter._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_On September 16, 2016, during the Preliminary Hearing Proceedings, Ms. Frederick testified before the Court, stating under Oath that she witnessed Mr. Sumpter Committing a Sexual Act Against her daughter (L-H-). On February 21, 2017, Some five (5) months after Ms. Frederick testified, she Recanted all of her False Allegations and Statements of wrong-doing in A one-Page Affidavit. Approximately_
_See, Attachment (E): Continuation of Ground (IX)(a): Supporting Facts_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _because the Oklahoma County District Court (during the Second Post-Conviction Proceeding) Struck the Application for being over the 20-Page limit, without giving the Petitioner An Opportunity to Amend_

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _See, Ground (III) hereto Concerning Ineffective Counsel during the Direct Appeal Stage_

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Second Application For Post Conviction Relief_

Name and location of the court where the motion or petition was filed: _Oklahoma County District Court_

Docket or case number (if you know): _CF-2016-4057_

AO 241 (Rev. 09/17) OKND Mod 07/2019

Date of the court's decision: *July 25, 2022*

Result (attach a copy of the court's opinion or order, if available): *See, Exhibit (d), Attached hereto.*

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No *N/A*

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Petitioner believes that it would be futile to continue in State Court, based upon the Reason the District Court Struck the Application without Addressing the merits of the arguments thereof.*

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : *N/A*

**GROUND THREE:**  *Appellate Counsel, Danny Joseph was ~~~~ Ineffective during the Direct Appeal Stage*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*During the Early Stage of the direct Appeal process, Petitioner via telephone, Requested that Counsel, Joseph present Propositions of Error Concerning Trial Counsel "Don Jackson's Errors and Failures that Resulted in Petitioner being denied a Fair And* ✱✱ *See, Attachment (F); Continuation of Ground (III)(a) - Supporting facts;*

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *Because the Oklahoma County District Court (during the Second Post-Conviction Proceedings) Struck the Application for being over the 20-Page Limit, without giving the Petitioner an Opportunity to Amend.*

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *See all of the Above Concerning Appellate Counsel, Danny Joseph.*

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Second Application For Post-Conviction Relief*

Name and location of the court where the motion or petition was filed: *Oklahoma County District Court*

Docket or case number (if you know): *CF-2016-4057*

Date of the court's decision: *June 25, 2022*

Result (attach a copy of the court's opinion or order, if available): *See, Exhibit (d) Attached hereto.*

(3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes   ☐ No *N/A*

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

AO 241 (Rev. 09/17) OKND Mod 07/2019

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_Petitioner believes that it would be futile to continue in state Court based upon the reason the District Court struck the Application without addressing the merits of the Arguments therein._

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _N/A_

**GROUND FOUR:** _Post-Conviction Counsel, Michael Arnett was Ineffective during the First Post-Conviction Proceedings_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Petitioner's brother, Mr. Ken ████ Randles, Acting in his Son's (the herein Petitioner) behalf hired Mr. Arnett to Represent Petitioner Sumpter for $7,500.⁰⁰ Through discussions on the telephone between Petitioner And Counsel, Arnett, Petitioner made his Request's very Clear. (1)- Present a Actual and Factual Innocence_

X*  ████ _SEE Attachment (G): Continuation of Ground (IV)(a)-Supporting Facts_

(b) If you did not exhaust your state remedies on Ground Four, explain why: _Because the Oklahoma County District Court (during the Second Post-Conviction Proceedings) Struck the Application for being over the 20-Page Limit, without giving the Petitioner an Opportunity to Amend_

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _Ineffective Counsel of Counsel, Arnett did not occur until the Post-Conviction Proceedings_

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Second Application For Post-Conviction Relief._

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: *Oklahoma County District Court*

Docket or case number (if you know): *CF-2016-4057*

Date of the court's decision: *June 25, 2022*

Result (attach a copy of the court's opinion or order, if available): *See Exhibit (d) attached hereto)*

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No *N/A*

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *Petitioner believes that it would be futile to continue in State Court based upon the reason the District Court struck the Application without addressing the argument therein*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *N/A*

AO 241 (Rev. 09/17) OKND Mod 07/2019

13.   Please answer these additional questions about the petition you are filing:

   (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

         having jurisdiction?  ▰ Yes  ☒ No

         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

         presenting them:  _Grounds "2-4" Ineffective Assistance of_
         _Counsel Issues. Petitioner believes that it would be_
         _futile to Continue in State Court again based upon the Reason_
         _the district Court Struck the Application without addressing_
         _the merits of the Arguments therein_

   (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

         ground or grounds have not been presented, and state your reasons for not presenting them:

         _N/A_

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

      that you challenge in this petition?  ☐ Yes  ☒ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

      raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

      of any court opinion or order, if available.  _N/A_

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

      the judgment you are challenging?  ☐ Yes  ☒ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

      raised.  _N/A_

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    Don Jackson

(b) At arraignment and plea:    Don Jackson

(c) At trial:    Don Jackson

(d) At sentencing:    Don Jackson

(e) On appeal:    Danny Joseph

(f) In any post-conviction proceeding:    Michael Arnett

(g) On appeal from any ruling against you in a post-conviction proceeding:    N/A

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:    N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The Covid Epidemic Caused many delays both within the Judicial System and an inmates access to the prison law Library. Petitioner has diligently sought Relief in good faith because he is Actually And Factually innocent

AO 241 (Rev. 09/17) OKND Mod 07/2019

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *A New Trial, or At the Very Minimum, an Evidentiary Hearing to determine the Veracity of Ms. Frederick's initial allegations [And] the ▓▓▓▓ Affidavit*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system, with the correct postage attached, on: *9/8/22*

*9/8/22*_____ (month, date, year).

Executed (signed) on *9/8/22*_____ (date).

_____
*Keith Sumpter*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

Attachment (A): Continuation of Question #9(f) of page #3-of-16.

* **Proposition II**: The Preliminary Hearing testimony of Lalethia Frederick should not have been admitted because Appellant was not able to effectively Cross-Examine Frederick on her Subsequent Repudiation of her testimony. Therefore, the Introduction of this testimony violated Appellants Right to Confrontation.

* **Proposition III**: The Preliminary Hearing Testimony of Lalethia Frederick should not have been admitted Because it was Rendered inherently Unreliable by her Subsequent Repudiation. Therefore Introduction of this testimony did not fall Under a hearsay exception and ▓▓▓▓ violated Appellants Right to Due Process

* **Proposition IV**: Oklahoma Rules of Evidence Must Comport with Federal Constitutional Due Process. even if this Court finds that the exculpatory affidavit was not admissible under a hearsay exception, then Federal Due Process still Requires that it be admitted.

* **Proposition V**: The Prosecutor Committed misconduct in this Case by improperly giving his own Opinion of the defendant, bolstering the Evidence, and by invoking Sympathy for the alleged ▓▓▓▓ victim in the Crime.

* **Proposition VI**: The Accumulation of error in this Case deprived Appellant of Due Process of Law in violation of the Fifth And Fourteenth Amendments to the United States Constitution.

* Attachment (A), page 1-of-1 *

1-of-1

"Attachment (B): Continuation of Question 11.(a)(5) @
page 9-of-16

** _____ Proposition II_: Petitioner was denied his Right to a Speedy Trial Guaranteed by the Sixth Amendment of the United States Constitution and Article II, Section 20 of the Oklahoma Constitution and pursuant to Okla. St. Stat. ■■■ 22 Section 12.1

** _____ Proposition III_: Trial Counsel was ineffective for not asserting petitioners Right to a Speedy Trial.

** _____ Proposition IV_: Appellant Counsel was ineffective for not asserting on direct Appeal in a Separate proposition that petitioners Right to a Speedy Trial was violated.

* Attachment (B), page 1-of.

Attachment (C) : Continuation of Question 11 (b) - (5) of page 5-of-16

** Proposition II : Petitioner (Sumpter) was denied his Constitutional Rights to the Effective Assistance of Trial Counsel throughout his State-Court-Proceedings

** Proposition III : Appellant Counsel was Ineffective for Failing to Argue, that "Trial Counsel was Ineffective" during the Direct Appeal Stage.

** Proposition IV : During the Post Conviction Proceedings, Attorney, Michael Arnett, BAR # 12071, was Ineffective when he failed to present Propositions Concerning both Trial and Direct Appeals Attorney's failure to Protect Mr. Sumpter's Constitutional Right to a Fair and Impartial Trial

"(Attachment (d): Continuation of Ground #1 (a)-Supporting Facts; Page 6-of 16

Free-Will Contacted defense Counsel, Don Jackson, telling him that She wished to [RECANT] all of her previous allegations and Statements that she made against Mr. Sumpter, because they were falsely made. Counsel, Don Jackson advised Ms. Frederick to come to his Law office and give a statement under oath, as to what she did or did not see occurring when she entered the Living-Room AREA. Later, that Same day Ms. Lalethia Frederick, (the Complaining Witness Against Mr. Sumpter) gave her Statement. Upon Completion of the "affidavit" Co-Counsel, Mrs. Krister Hartman issued the Standard oath of Perjury and then formally Notarized the document. Cis the affidavit now became "Testimonial Evidence", exonerating Mr. Sumpter, Mrs. Hartman gave the affidavit to defense Counsel, Don Jackson to file with the Court as a defense Exhibit, as the affidavit Supports petitioner claims of Innocence. Instead of filing the "affidavit" as a defense ~~Exhibit~~ ████████████████████████████████ exhibit immediately after it was Signed and Notarized by the declarant, Counsel Jackson maintain Complete possession and Control over the Original Copy of affidavit for ~~the~~ approximately One (1) year, three (3) months, and 29 day, then, on the Second day of trial Proceedings, Counsel Jackson attempted to have the "affidavit" filed and Submitted as a defense Exhibit. After the district Attorney and Trial Judge Read their proffered Copies of the affidavit, the District Attorney objected to the timeliness of the proffered affidavit, Stating that the Court Rules and procedure Require the Parties to Submit all documents and exhibits before the Court during the Pre-Trial Proceedings. As the Case was now on the Second day of Trial Proceedings, the State objects and Request for a denial of admittance as a defense Exhibit was granted by the Court

"Attachment (a) = Continuation of Ground #I (a) Supporting facts; Page 6-of 16

Defense Counsel, Jackson failed to register any form of an objection to the County's denial of admittance of the Affidavit As a defense exhibit. The Trial Court went on to grant two additional Motions that were Requested by the State... one was a "Motion In-Limike (Restricting all information involving the Affidavit of Ms. Frederick from the Jury Panel; the Second motion Requested that based upon the Unavailability of Ms. Frederick, the Jury should be read Ms. Frederick Preliminary Hearing Transcript ... "as Evidence of Guilt." Defense Counsel failed to register any form of an objection to either of the two above motions. The Above facts are important on two fronts; (1)-Petitioner was denied a fair Trial because Attorney Den Jackson failed to object to the granting the States Motions Request that precluded petitioner from Cross-Examining the Declarant A Failure to Raise an objection at a Critical Stage of the Proceeding Resulted in the issue not being presented as a Possible error during the direct Appeal Stage; and (2)-Because both the Trial Judge and the district Attorney Read the Proffered Affidavit and were well Aware of the Contents of the Affidavit, it was error to Allow the Preliminary Hearing transcripts to be entered into the Record and Read to the Jury as evidence of Guilt". Based upon the Contents of the Affidavit, Ms. Frederick made false allegations and Statements that resulted in Charges being filed against petitioner, and Ms. Frederick testifying falsely at the Preliminary Hearing Proceedings. also, as a final point, If the Contents of the Affidavit Are True and Correct, that she made false allegations and Statements, against Mr. Sumpter, then it Stands that the Jury found petitioner guilty based upon the false testimony given by Ms. Frederick during the Preliminary Hearing Testimony

During the Direct Appeal Stage Proceedings, Appellate Attorney Danny Joseph, BAR # 3282 argued in Propositions 1-4 the Reasons why the Affidavit was Admissible and should have been Allowed to go before the Jury Panel on the basis that the Affidavit was Testimonial in Nature.

Page 5-ob 3

"Attachment (E): Continuation of Ground (II)(a)- Supporting Facts;
Page 8-09-16,

- One (1) year, three (3) months and twenty-nine (29) days after
the Affidavit was Signed and Notarized at defense Counsel, "Don
Jackson", during the Second day of Trial Proceedings attempted to
Submit the "Affidavit of Ms. Frederick" as a defense Exhibit
due to the Testimonial Nature of the Statements within the
Affidavit. Both the Trial Judge and the District Attorney Read
the affidavit. The district Attorney, objected to the timeliness
of the Proffered Affidavit, Stating that the Court Rules and
procedure Require the Parties to Submit all documents and
Exhibits before the Court during the Pre-Trial "Proceedings. As
the Case was now in the Second day, the Trial Judge Sustained
the States objection by denying the admittance of the Affidavit
as a defense ~~exhibit~~ Exhibit. Counsel, Jackson failed to Register
any form of an objection Concerning the Trial Judges denial of
Admittance of the defenses Proffered Affidavit. This Constituted
a Critical point-in-time for purposes of Appeal.
  The Trial Court also granted two other Request of the
State, (1)-"Motion-In Limine; Restricting all information
involving the Affidavit of Ms. Frederick from the Jury, Panel;
(2)-"Motion-to allow the Preliminary Hearing Transcripts of
Ms. Frederick to be Read to the Jury now that Ms. Frederick
was Unavailable. Counsel, Jackson failed to Register any
form of an objection to either of the States Request. This Constituted
a ~~ ~~ Critical point-in-time for purposes of Appeal.
  Trial Counsel (as an Agent of the State) gave a Huge Advantage
to the State Prosecutors due to his [failures] to protect his
Clients Constitutional Right to Confront his ~~ ~~ Accuser. The
Result ~~ ~~ of Counsel's actions or non-actions, Mr. Sumpter
was precluded from Cross-Examining his Accuser.

└ 9-2

"*Attachment (E): Continuation of Ground (II)(a)=Supporting Facts; Page 8-0f-16.*

✱ Because of Counsel, Jackson's failures in Protecting his Client's Constitutional Rights involving the Affigavit of the Complaining Witness, Ms. Frederick and the fact that there was no formal objections, preserving the issue for Appeal, the O.C.C.A. only Reviewed the Appeal for Plain-Error

✱ Because of Counsel, Jackson's "deficient Performance" petitioner was prejudiced as a result of the deficient Performance

2-of-2

"Attachment (f): Continuation of Ground (III)(a). Supporting facts; Page 9-of-16.

- imPartial Trial (See Also, Ground (II), Ineffective Assistance of Trial Counsel). At the time petitioner initially Raised his Concerns about Trial Counsel, Jackson's Actions ~~~~~~~~ [OR] non-actions involving the Affidavit of Ms. Lalethia Frederick (Wherein, She Voluntarily Recanted all of her Prior allegations and Statements), appellate Counsel, Joseph Stated that he did not believe that this Petitioner had Merit Concerning Ineffective Assistance of Trial Counsel. A Review of the direct Appeal brief filed by Counsel, Joseph show that he did not present any Propositions of Ineffective Assistance of Trial Counsel.

Had Counsel, Joseph properly Reviewed the Case Records and Transcripts in Conjunction with Petitioners Request to Raise an Ineffective Assistance of Trial Counsel, Counsel, Joseph would have determined the following issues and facts and thereafter presented the issue Concerning Trial Counsel's actions and/or non-Actions ... to wit:

* The Record shows that on the Second day (June 19, 2018) of the Trial Proceedings, defense Counsel attempted to Submit (as A defense Exhibit) the Affidavit Authored and Notarized by the Complaining Witness, Ms. Lalethia Frederick, Wherein She Recanted all of her previous allegations and Statements. The Trial Court denied the admission of the defenses Proffered Affidavit Exhibit on timeliness grounds.
* Appellate Counsel should have presented an Ineffective Assistance of Trial Counsel Proposition where the Record Clearly Shows that Trial Counsel, Jackson was Required by Statutory authority to present defense exhibits during the Pre-Trial Proceedings.

"Attachment (f) - Continuation of Ground (III)(a) Supporting Facts; Page 9 of 16.

* The Records show that the Trial Court also granted two Seperate Motion Connected to the affidavit and Mr. Fredercik, with no objection to either of the State Request, the first was a "Motion In-Limine", and the Second was to Allow the Jury to be Read the Preliminary Hearing Testimony Transcripts of Ms. Frederick, now that the Court Ruled Ms. Frederick as being Unavailable.

* Appellate Counsel, Danny Joseph, Should Have presented an Ineffective Assistance of Trial Counsel. Appellate Counsel, Danny Joseph was Ineffective for failing to Present a Proposition Concerning Trial Counsel's Actions And/or Non-Actions throughout the Representation of Petitioner Sumpter.

"Attachment (G): Continuation of Ground (II)(a). Supporting facts,"
Page 11 of 16

- Claim based on the Contents of an "affidavit" given by the Complaining witness, Ms. Lalethia Frederick. See also (Exhibit (F), attached hereto) wherein she Recants all of her prior allegations and Statements against petitioner Sumpter; (2)- Present an Ineffective Assistance of Trial Counsel (Claim against Counsel, Don Jackson because of his failures involving the affidavit and the failures to register objections at Critical points-in-Time, See also ~~~~~ (Ground (II), hereto); (3)- Present an Ineffective Assistance of ~~~~~ Appellate Counsel Claim Against Counsel, Danny Joseph because he failed to present (during the Direct Appeal stage) an Ineffective Assistance of Trial Counsel Claim, where a Reading of the Record shows that Don Jackson was horribly Ineffective.

Petitioner did not Recieve Effective Assistance of Counsel or Competent Representation from Post-Conviction Counsel, Michael Arnett, because Mr. Arnett did not believe that petitioners Claims Concerning the "Affidavit" and "Ineffective Counsel against both Trial and Appeal attorneys" had any merit. Then, on or about April 20, 2020, petitioner Recieved a Copy of the Post-Conviction Application, with instructions to Sign, date and have notorized and Return to Counsel Arnetts office for formal filing. As Petitioner read the Contents of the Application he found no Claims addressing the Specific issues that petitioner wanted presented in his behalf. Counsel Arnett (for some unknown Reason) took it upon himself to present a Speedy-Trial Violation Claim... which had zero merit and was lost even before it was filed because petitioner did not meet the four part test of Barker v. Wingo: Counsel Arnetts decision to ignore petitioners request forced petitioner to present his Ineffective Counsel Issues in Pro-Se form, because petitioner did not want to waive or ~~~~~ forfiet the Ineffective Counsel Claims.

Page 1 of 1

\* EXHibit - MASTER List \*

A) - December 19, 2019 - Direct Appeal denial Order

B) - July 13, 2020 - 1ST Post-Conviction denial Order (State Court)

C) - December 22, 2020 - 1ST Post-Conviction Appeal denial order

d) - July 25, 2022 - 2nd Post-Conviction -Order granting the States Motion
to Strike the Application for EXceeding the 20-Page
Limitation

e) - August 19, 2022 - Federal Habeas/Order to Cure deficiencies

f) - The February 21, 2017 Notorized Affidavit of Complaining Witness
Ms. Lalethia Frederick, Recanting her prior Allegations And
Statements Against petitioner Sumpter.

CLIENT'S COPY

*Exhibit (A)*

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

KEITH LORENZO SUMPTER,  )
                                   )
                                     )
                Appellant,  )
      v.                         )
                                     )
STATE OF OKLAHOMA         )
                                     )
                Appellee.

**NOT FOR PUBLICATION**

Case No. F-2018-738

**FILED**
**IN COURT OF CRIMINAL APPEALS**
**STATE OF OKLAHOMA**

DEC 19 2019

JOHN D. HADDEN
CLERK

## S U M M A R Y  O P I N I O N

**LUMPKIN, JUDGE:**

Appellant Keith Lorenzo Sumpter was tried by jury and found guilty of Indecent or Lewd Acts with a Child Under Sixteen (16) Years (21 O.S.Supp.2015, § 1123), in the District Court of Oklahoma County, Case No. CF-2016-4057. The jury recommended as punishment imprisonment for thirty-five (35) years and the trial court sentenced accordingly. It is from this judgment and sentence that Appellant appeals.

Appellant raises the following propositions of error in support of his appeal:

    I.    A hearsay statement that is against the penal interest of the declarant is admissible if there are corroborating circumstances that indicate

1

trustworthiness. Frederick's affidavit was against her penal interest and was corroborated, therefore it was error to refuse to admit the exculpatory affidavit.

II.   The Preliminary Hearing testimony of LaLethia Frederick should not have been admitted because Appellant was not able to effectively cross-examine Frederick on her subsequent repudiation of her testimony. Therefore, the introduction of this testimony violated Appellant's right to confrontation.

III.  The Preliminary Hearing testimony of LaLethia Frederick should not have been admitted because it was rendered inherently unreliable by her subsequent repudiation. Therefore, introduction of this testimony did not fall under a hearsay exception and violated Appellant's right to due process.

IV.   Oklahoma Rules of Evidence must comport with federal constitutional due process. Even if this Court finds that the exculpatory affidavit was not admissible under a hearsay exception, then federal due process still requires that it be admitted.

V.    The prosecutor committed misconduct in this case by improperly giving his own opinion of the defendant, bolstering the evidence, and by invoking sympathy for the alleged victim in this case.

VI.   The accumulation of error in this case deprived Appellant of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, § 7 of the Oklahoma Constitution.

2

After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence no relief is warranted.

In Proposition I, Appellant argues the trial court erred in granting the State's motion *in limine* to exclude a sworn affidavit made by Frederick (the victim's mother) after Preliminary Hearing allegedly recanting her Preliminary Hearing testimony. The record reflects that approximately five (5) months after her Preliminary Hearing testimony, Frederick went to defense counsel's office and executed a sworn affidavit allegedly "recanting" her Preliminary Hearing testimony.

Subsequently, and prior to trial, it came to the State's attention that Frederick intended to invoke her Fifth Amendment privilege at Appellant's trial and not testify. Approximately five days before the start of trial, the State moved to declare Frederick unavailable as a witness and use her Preliminary Hearing transcript at trial. The State informed the court that Frederick was potentially facing criminal charges of child neglect or enabling child abuse and that the Public Defender, who had been appointed to represent Frederick, had

informed prosecutors that Frederick intended to invoke her Fifth Amendment rights at Appellant's jury trial.

After a hearing on the motion, the court ruled that Frederick was unavailable under 12 O.S.Supp.2014, § 2804(A)(1) and granted the State's request to read her Preliminary Hearing testimony at trial. At this hearing, defense counsel informed the court that Frederick had come to his office after Preliminary Hearing and executed a sworn affidavit "basically recanting her entire testimony at the preliminary hearing saying she never saw anything; and as a matter of fact, the alleged victim came to her and said the defendant did not do anything to her. She just said this because he wouldn't play with her and take her to the park, and she wanted him out of the house."

On the second day of trial, the State filed a *Motion in Limine to Prohibit Testimony Regarding an Affidavit* [Frederick's "recantation"] explaining that in light of the court's ruling that Frederick was unavailable, it sought to exclude any mention of her affidavit "recanting" her Preliminary Hearing testimony. The State argued that under 12 O.S. § 2804(B)(3), the affidavit exposed Frederick to criminal charges of perjury and there were no corroborating circumstances to indicate the affidavit's trustworthiness. The trial court said only that

4

Frederick's affidavit was "self-serving hearsay" and thus inadmissible. The State's Motion *in Limine* was granted.

Now on appeal, Appellant asserts the trial court erred in its ruling and the affidavit was admissible as a statement against Frederick's penal interest pursuant to 12 O.S.Supp.2014, § 2804(B)(3).[1] Appellant argues the trial court's exclusion of the affidavit prevented him from impeaching L.H., the victim, and Frederick, her mother, and denied him his fundamental right to present a defense. Appellant asserts the error warrants reversal for a new trial or at the least sentence modification.

This objection was not raised at trial, nor did Appellant make an offer of proof as to what Frederick's affidavit would have shown. Therefore, our review on appeal is for plain error. *See Tryon v. State*, 2018 OK CR 20, ¶ 51, 423 P.3d 617, 635 ("[a]fter a motion in limine is sustained, the party seeking to introduce the evidence must make an offer of proof at trial. . . . Failure to follow this procedure on a motion in limine waives review on appeal of all but plain error.").

---

[1] We do not address Frederick's ability to exercise her Fifth Amendment right as that was not challenged at trial and has not been raised in this appeal.

Under the test set forth in *Simpson v. State*, 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d 690, 694, 699, 701, this Court determines whether the appellant has shown an actual error, which is plain or obvious, and which affects his or her substantial rights. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. *Id.; Hogan v. State*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. *See also Jackson v. State*, 2016 OK CR 5, ¶ 4, 371 P.3d 1120, 1121; *Levering v. State*, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395.

The United States Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense." *Simpson v. State*, 2010 OK CR 6, ¶ 9, 230 P.3d 888, 895 *quoting Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986). "The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense . . . . This right is a fundamental element of due process of law." *Id., quoting Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920 1923, 18 L.Ed.2d 1019 (1967). However, a criminal defendant's right to present a defense is not absolute. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 875, 102 S.Ct. 3440, 73

6

L.Ed.2d 1192 (1992). "This right may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Rock v. Arkansas*, 483 U.S. 44, 51, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). The defense "does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d. 798 (1988).

This Court has said that "[i]n the exercise of this right [to present a defense], the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Simpson,* 2010 OK CR 6, ¶ 9, 230 P.3d at 895 *quoting Gore v. State,* 2005 OK CR 14, ¶ 21, 119 P.3d 1268, 1275. "Whether Appellant was denied the right to present a defense ultimately turns on whether the evidence at issue was admissible." *Id.,* 2010 OK CR 6, ¶ 10, 230 P.3d at 895.

Title 12 O.S.Supp.2014, § 2804(B)(3) in the Oklahoma Rules of Evidence, provides an exception to the hearsay rule for statements of an unavailable witness "tending to expose the declarant to criminal liability and offered to exculpate the accused. Such statements are

7

not admissible "unless corroborating circumstances clearly indicate the trustworthiness of the statement." In this case, all parties at trial and on appeal refer to the affidavit as hearsay on the basis that it subjected Frederick to perjury charges for testifying differently than she did at Preliminary Hearing, and that Frederick's "recanting" of her Preliminary Hearing testimony exculpated Appellant. However, the affidavit was never authenticated pursuant to 12 O.S.2011, § 2901, it was not offered into evidence, nor was a proffer of its contents made to the court. Therefore, the only information we have about the contents of the affidavit is defense counsel's statement to the court.

Assuming arguendo, the affidavit says what defense counsel said it does, it is not a "recanting" of Frederick's Preliminary Hearing testimony. In both her Preliminary Hearing testimony and the affidavit, she admits she did not actually see any inappropriate conduct between Appellant and her daughter. According to defense counsel, in the affidavit Frederick said that "L.H. told her that Appellant had not done anything to her" and that L.H. made the whole thing up. At Preliminary Hearing, Frederick did not testify to anything L.H. may have said to her in this regard. She testified to statements made to

her by Appellant, but as to L.H., she only testified that she "talked to L.H. about the situation and sent her outside in the backyard."

Based upon counsel's summary of the affidavit, the only record before us, the affidavit is not a "recanting" or retraction of the Preliminary Hearing testimony. At most, particular statements in the affidavit may have been inconsistent with the Preliminary Hearing testimony. However, the statements, as described by defense counsel, would not have subjected Frederick to perjury charges. Therefore, the affidavit does not satisfy the first requirement for admission under § 2804(B)(3) as a statement against Frederick's penal interest and it wa                    That the trial court used

the wrong reason for              /it, does not change our

conclusion that the e             y excluded. *See Jacobs

*Ranch, L.L.C. v. Smith*, ....  48 P.3d 842, 857 ("[w]here the trial court reaches the correct result for the wrong reasons or on incorrect theories, it will not be reversed.")

Further, even if the trial court erred in excluding the affidavit, any error did not affect Appellant's substantial rights as it did not deprive him of the ability to present a defense. Appellant testified at trial and denied any lewd conduct with L.H. Specifically, he denied ever

9

forcing L.H. to touch his penis. He refuted Frederick's Preliminary Hearing testimony by denying that he called Frederick to tell her that he should not have let L.H. touch him. Appellant testified that L.H. lied about him touching her. He refuted the testimony of the responding officer, Corporal Yates, claiming the officer lied when he said he overheard Appellant say on the phone that he messed up and should not have let L.H. touch him. Appellant said the voice on the phone may not have been him.

Appellant fully cross-examined Corporal Yates and L.H. Regarding L.H., defense counsel elicited testimony regarding motives L.H. may have had for her accusations against Appellant including that she did not like Appellant and wanted him out of her home. Further, counsel asked L.H. if she had ever told her mother she had made up the charges against Appellant, to which she replied she never told her mother that she made it up. L.H. said her mother never asked her if she was telling the truth.

As the exclusion of Frederick's affidavit did not affect Appellant's substantial rights or result in a miscarriage of justice under 20 O.S.2011, § 3001.1, we find no plain error. This proposition is denied.

In Proposition II, Appellant contends that Frederick's Preliminary Hearing testimony should not have been admitted at trial because he did not have the opportunity to cross-examine her about her (future) alleged "recanting" of a portion of that testimony.   Appellant asserts the court's error violated his confrontation rights under the Sixth Amendment and warrants either dismissal of his case, remand for a new trial, or for otherwise favorable modification.

Appellant raised no objection to the use of the Preliminary Hearing testimony at trial. Therefore, our review is for plain error under the standard set forth above. *Mitchell v. State,* 2016 OK CR 21, ¶ 29, 387 P.3d 934, 945.

"'*Crawford [v. Washington]* emphasized that a defendant's right to cross-examine the witnesses against him is the centerpiece of the Sixth Amendment's confrontation right... And the use of preliminary hearing testimony in a criminal trial is the kind of 'testimonial hearsay' that Crawford recognized as being subject to two fundamental Sixth Amendment requirements: (1) the witness must be unavailable, and (2) the defendant must have had a prior opportunity to cross-examine the witness.'" *Willis v. State,* 2017 OK CR 23, ¶ 14, 406 P.3d 30, 34 *quoting Mathis v. State,* 2012 OK CR 1, ¶ 19, 271 P.3d 67, 71.

11

While counsel obviously could not have cross-examined Frederick at Preliminary Hearing about her future statements, counsel thoroughly cross-examined Frederick about her recollection and impressions of the alleged lewd conduct between Appellant and her daughter. Counsel's questions were designed to challenge Frederick's credibility and highlight the fact that she admitted she did not actually see any lewd conduct between Appellant and L.H. Counsel's questions about the tumultuous relationship between Frederick and Appellant provided a possible motive for her testimony.

"'The United States Supreme Court has held that, when a defendant is provided an opportunity to cross examine the witness and avails himself of that opportunity at a prior hearing, the confrontation clause is satisfied and a transcript of the prior hearing is admissible.'" *Willis,* 2017 OK CR 23, ¶ 18, 406 P.3d at 34 *quoting Stouffer v. State,* 2006 OK CR 46, ¶ 85, 147 P.3d 245, 266 *citing Crawford,* 541 U.S. at 68, 124 S.Ct. at 1374.

Based upon the record in the present case, defense counsel had a sufficient opportunity to question Frederick at Preliminary Hearing, took full advantage of that opportunity, with a motive similar to that which would have been used at trial – to discredit Frederick and refute

12

her claim that Appellant committed a lewd act with L.H. While certain issues might have been further developed at trial, defense counsel had ample opportunity to develop and challenge Frederick's testimony about the central facts of what happened as well as Frederick's credibility and potential bias. Based upon the foregoing, admission of Frederick's Preliminary Hearing testimony was not error, plain or otherwise. This proposition is denied.

In Proposition III, Appellant challenges the admissibility of Frederick's Preliminary Hearing testimony because it was later "recanted." Appellant concedes the testimony was that of an unavailable witness pursuant to 12 O.S.Supp.2014, § 2804(B)(1), but argues the testimony did not bear the required indicia of reliability. This objection was not raised at trial, therefore our review is for plain error under the standard set forth above. *Mitchell,* 2016 OK CR 21, ¶ 29, 387 P.3d at 945.

The State has the burden of satisfying two threshold requirements before Preliminary Hearing testimony is admissible under § 2804(B)(1): " (1) the actual unavailability of the witness despite good faith and due diligent efforts to secure the presence of the witness at trial; and, (2) the transcript of the witness' testimony bears sufficient

13

indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of the prior testimony". *Davis v. State*, 1988 OK CR 73, ¶ 7, 753 P.2d 388, 391.

In *Bernay v. State*, 1999 OK CR 46, 989 P.2d 998, this Court found the unavailable witness's Preliminary Hearing testimony sufficiently reliable as it was given under oath and in a "truth-inducing courtroom atmosphere" – "circumstances which closely approximated those of a typical trial." *Id.*, 1999 OK CR 46, ¶ 17, 989 P.2d at 1007.

Frederick's Preliminary Hearing testimony was given under similar circumstances – under oath in a courtroom. Further, defense counsel was the same at trial and Preliminary Hearing. As addressed above, counsel thoroughly cross-examined Frederick on her recollections of the incident and possible motives for her testimony.

Based upon this record, the trial court could reasonably find the Preliminary Hearing testimony bore "sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth" of the testimony. Appellant's argument that the Preliminary Hearing testimony was not admissible because it was later found to be unreliable misses the mark in two ways. Whether the jury ultimately believed Frederick's testimony is not the test for determining its

14

admission into evidence. Further, the record indicates the jury found Frederick's Preliminary Hearing testimony reliable as it was consistent with the rest of the State's evidence. There was no error, and thus no plain error in the admission of Frederick's Preliminary Hearing testimony. This proposition is denied.

In Proposition IV, Appellant argues that even if this Court finds Frederick's affidavit inadmissible under state evidentiary rules, federal due process requires its admission. Relying on *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) Appellant asserts that the Supreme Court has held that state hearsay rules that do not comport with federal due process should not be enforced.

Our review of Appellant's claim is for plain error as he raised no objection to the granting of the State's motion *in limine* excluding the affidavit. *Tyron*, 2018 OK CR 20, ¶ 33, 423 P.3d at 632.

In *Chambers*, the Supreme Court said:

Few rights are more fundamental than that of an accused to present witnesses in his own defense. In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. Although perhaps no rule of evidence has been more respected or more frequently

applied in jury trials than that applicable to the exclusion of hearsay, exceptions tailored to allow the introduction of evidence which in fact is likely to be trustworthy have long existed. The testimony rejected by the trial court here bore persuasive assurances of trustworthiness and thus was well within the basic rationale of the exception for declarations against interest. That testimony also was critical to Chambers' defense. In these circumstances, where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice.

410 U.S. at 302, 93 S.Ct. at 1049 (internal citations omitted).

Unlike *Chambers*, Frederick's affidavit (as summarized by defense counsel) was properly excluded as it did not meet the requirements of a well-established exception to the hearsay rule. The affidavit did not bear the "persuasive assurances of trustworthiness" required of exceptions to the hearsay rule and it was not critical to Appellant's defense. *See Lamar v. State*, 2018 OK CR 8, ¶ 49, 419 P.3d 283, 296.

As explained in Proposition I, excluding the affidavit did not deprive Appellant of a meaningful opportunity to present a defense. *See Ashton v. State*, 2017 OK CR 15, ¶¶ 18, 26-32, 400 P.3d 887, 893-97 overruled on other grounds by *Williamson v State*, 2018 OK CR 15. While Appellant may not have had the opportunity to question

16

Frederick about the affidavit, he did thoroughly cross-examine her at Preliminary Hearing concerning her observations and conclusions of what occurred in her living room between L.H. and Appellant.[2] Further, the fact that Appellant did not get to specifically question Frederick about the affidavit was not because it was excluded by the trial court but because she invoked her Fifth Amendment privilege not to testify.

Contrary to Appellant's argument, the State's evidence against Appellant was strong. Even if the affidavit had been presented to the jury, and even if it read as defense counsel claimed, Frederick's statements would not in all likelihood have carried much weight with the jury after they heard from the State's witnesses. Based on defense counsel's summary of the contents of the affidavit, for that is all we have to review, we find Frederick's affidavit was not critical to Appellant's defense. The affidavit would not have created a reasonable doubt where none existed before.

---

[2] Frederick testified at Preliminary Hearing that her initial reaction to what she observed and learned from L.H. was to grab a baseball bat and smash out the windows of Appellant's car before hitting Appellant with the bat. This conduct got the attention of neighbors who called 911 which resulted in Corporal Yates of the Midwest City Police Department responding to the scene.

Appellant has failed to show that Frederick's affidavit was admissible evidence under the regularly applied rules of evidence and that the exclusion of that affidavit denied him the opportunity to present a defense. The exclusion of the affidavit did not violate Appellant's right to present a defense. Accordingly, we find no plain error. This proposition is denied

In Proposition V, Appellant contends he was denied a fair trial by prosecutorial misconduct. He correctly concedes that none of the challenged comments were met with contemporaneous objections at trial and that our review is for plain error under the standard set forth above. *See Malone v. State*, 2013 OK CR 1, ¶ 40, 293 P.3d 198, 211.

We evaluate alleged prosecutorial misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel. *Sanders v. State,* 2015 OK CR 11, ¶ 21, 358 P.3d 280, 286. Relief will be granted on claims of prosecutorial misconduct only where the prosecutor committed misconduct that so infected the defendant's trial that it was rendered fundamentally unfair, such that the jury's verdict should not be relied upon. *Id.*

Appellant first argues that during closing argument, the prosecutor improperly gave his personal opinion of guilt. Generally, prosecutors are to refrain from giving their opinion as to guilt. *Owens v. State,* 2010 OK CR 1, ¶ 17, 229 P.3d 1261, 1267-68. However, when that opinion is reasonably based on the evidence, there is no error. *Id.* Any prosecutor is going to tell the jury in closing argument what he or she thinks the evidence showed. *Id.* It is only error when the prosecutor exhorts the jury to abandon its duty to consider the evidence and convict based only on the prosecutor's opinion. *Id. See also Williams v. State,* 2008 OK CR 19, ¶ 107, 188 P.3d 208, 228.

Further, when a defendant testifies, a prosecutor's comments about inferences that can be drawn from that testimony are permissible. *Dodd v. State,* 2004 OK CR 31, ¶ 78, 100 P.3d 1017, 1041. Contrary to Appellant's argument, this case is distinguishable from *Mitchell v. State,* 2006 OK CR 20, 136 P.3d 671 where this Court found the prosecutor's pointing and yelling at the defendant to be "highly improper and potentially prejudicial." 2006 OK CR 20, ¶ 101, 136 P.3d at 710. There is no indication of such conduct by the prosecutor in the present case. The prosecutor's comments were reasonable inferences from the evidence.

19

Appellant also claims the prosecutor improperly aligned himself with the victim by saying he had a "duty to L.H." It is improper for the prosecutor to align himself with the victim. *See DeRosa v. State*, 2004 OK CR 19, ¶ 60, 89 P.3d 1124, 1146. However, within the context of the entire trial, the isolated comment in this case was not sufficient to deny Appellant a fair trial.

Comments regarding whether a child would make up accusations like those made against Appellant and the extent of a child's knowledge of sexual matters were made in response to defense counsel's questioning and closing arguments questioning the victim's credibility and veracity. Comments and argument, which were "'invited" and do no more than "respond substantially in order to right the scale", do not warrant reversing a conviction." *Warner v. State*, 2006 OK CR 40, ¶ 182, 144 P.3d 838, 889.

Finally, Appellant claims the prosecutor improperly sought sympathy for the victim in order not only to return a guilty verdict, but to ensure a long sentence. The prosecutor's sentencing request was not error. An opinion on punishment is different from an opinion on guilt. Prosecutors are to refrain from giving their opinion as to guilt, *see Bryson v. State,* 1994 OK CR 32, ¶ 45, 876 P.2d 240, 257; but

they may comment on punishment and make a sentence recommendation, *see Bernay v. State*, 1999 OK CR 37, ¶ 65, 989 P.2d 998, 1014.

Comments that the alleged criminal act would affect the victim for the rest of her life have been found reasonable inferences on the evidence and within the wide latitude permitted on closing argument. *Croan v. State*, 1984 OK CR 69, ¶ 10, 682 P.2d 236, 238. The comments in the present case though were very close to blatant appeals for sympathy. However, any error in those comments did not impact the outcome of the trial. The jury was instructed not to let sympathy, sentiment, or prejudice enter their deliberations. There is no indication the guilty verdict in this case was based on sympathy or sentiment instead of the evidence, and the jury recommended only a thirty-five (35) year sentence in the face of the State's request for a life sentence.

Having thoroughly reviewed Appellant's challenges to the prosecutor's conduct individually and cumulatively, we find the prosecutor's conduct was not so improper or prejudicial so as to have infected the trial so that it was rendered fundamentally unfair. Any

errors found in the prosecutor's arguments do not rise to the level of plain error and this proposition is denied.

Finally, in Proposition VI, Appellant argues the accumulation of errors denied him a fair trial. This Court has repeatedly held that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. *Lee v. State,* 2018 OK CR 14, ¶ 20, 422 P.3d 782, 787. However, when there have been numerous irregularities during the course of a trial that tend to prejudice the rights of the defendant, reversal will be required if the cumulative effect of all the errors is to deny the defendant a fair trial. *Id.* Any errors found in this case did not require relief, and when considered cumulatively, do not require reversal or modification of the sentence.

Accordingly, this appeal is denied.

## DECISION

The **JUDGMENT and SENTENCE is AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2019), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

22

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 1 3 2020

RICK WARREN
COURT CLERK

46_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

KEITH LORENZO SUMPTER,           )
                                 )
        Petitioner,              )
                                 )
v.                               )    Case No. CF-2016-4057
                                 )
THE STATE OF OKLAHOMA,           )
                                 )
        Respondent.              )

## ORDER DENYING APPLICATION FOR POST-CONVICTION RELIEF

This matter comes on for consideration of Petitioner's Application for Post-Conviction Relief filed in the above-referenced case and the State's Response thereto, and the Court being fully advised finds as follows:

## MATERIALS REVIEWED FOR DECISION

The Court has reviewed the following materials in reaching its decision: Petitioner's Application for Post-Conviction Relief and Brief in Support of Application for Post-Conviction Relief, filed on May 12, 2020; the State's Response to Application for Post-Conviction Relief, and attachments thereto, filed on June 12, 2020; and the appearance docket for Oklahoma County Case No. CF-2016-4057.

## PROCEDURAL HISTORY

Petitioner, represented by counsel Don Jackson, was tried by jury and convicted of the crime of Indecent or Lewd Acts with a Child Under Sixteen, as charged in Oklahoma County Case No. CF-2016-4057. On July 18, 2018, the Honorable Cindy H. Truong, who presided over the trial, sentenced Petitioner in accordance with the jury's recommendation to thirty-five (35) years imprisonment.

Petitioner, by and through counsel Danny Joseph, perfected a direct appeal to the Court of Criminal Appeals, raising the following propositions of error:

Proposition I        A hearsay statement that is against the penal interest of the declarant is admissible if there are corroborating circumstances that indicate trustworthiness. Frederick's affidavit was against her penal interest and was corroborated, therefore it was error to refuse to admit the exculpatory affidavit.

| Proposition II | The Preliminary Hearing testimony of LaLethia Frederick should not have been admitted because Appellant was not able to effectively cross-examine Frederick on her subsequent repudiation of her testimony. Therefore, the introduction of this testimony violated Appellant's right to confrontation. |
| --- | --- |
| Proposition III | The Preliminary Hearing testimony of LaLethia Frederick should not have been admitted because it was rendered inherently unreliable by her subsequent repudiation. Therefore, introduction of this testimony did not fall under a hearsay exception and violated Appellant's right to due process. |
| Proposition IV | Oklahoma Rules of Evidence must comport with federal constitutional due process. Even if this Court finds that the exculpatory affidavit was not admissible under a hearsay exception, then federal due process still requires that it be admitted. |
| Proposition V | The prosecutor committed misconduct in this case by improperly giving his own opinion of the defendant, bolstering the evidence, and by invoking sympathy for the alleged victim in this case. |
| Proposition VI | The accumulation of error in this case deprived Appellant of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, § 7 of the Oklahoma Constitution. |

After thorough consideration of the issues, the Court of Criminal Appeals affirmed Petitioner's Judgment and Sentence. *Sumpter v. State*, No. F-2018-738 (Okl. Cr. December 19, 2019) (not for publication).

On May 12, 2020, Petitioner, by and through counsel M. Michael Arnett, filed the instant Application for Post-Conviction Relief and supporting brief, raising the following propositions of error:

| Proposition I | Petitioner has a right to challenge his conviction and sentence under the Post-Conviction Procedure Act because the conviction and sentence were in violation of the Constitution of the United States; the Constitution of Oklahoma; and the Laws of this state. |
| --- | --- |
| Proposition II | Petitioner was denied his right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution and |

2

Article II Section 20 of the Oklahoma Constitution and pursuant to statute 22 O.S. § 812.1.

Proposition III    Trial counsel was ineffective for not asserting Petitioner's right to a speedy trial.

Proposition IV    Appellate counsel was ineffective for not asserting on direct appeal in a separate proposition that Petitioner's right to a speedy trial was violated.

## FINDINGS OF FACT & CONCLUSIONS OF LAW

### II.

The issues Petitioner raises in Propositions II and III of his Application are not proper for consideration by this Court. The Court of Criminal Appeals has made very clear that the Post-Conviction Procedure Act, 22 O.S. §1080, *et seq.*, is neither a substitute for a direct appeal nor a means for a second appeal. *Maines v. State*, 1979 OK CR 71, ¶ 4, 597 P.2d 774, 775-76; *Fox v. State*, 1994 OK CR 52, ¶ 2, 880 P.2d 383, 384. The scope of this remedial measure is strictly limited and does not allow for litigation of issues available for review at the time of direct appeal. *Johnson v. State*, 1991 OK CR 124, ¶¶ 3-4, 823 P.2d 370, 372; *Castro v. State*, 1994 OK CR 53, ¶ 2, 880 P.2d 387, 388. "Issues that were previously raised and ruled upon by [the Court of Criminal Appeals] are procedurally barred from further review under the doctrine of res judicata; and issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review." *Logan v. State*, 2013 OK CR 2, ¶ 3, 293 P.3d 969, 973

An exception to this rule exists where a court finds sufficient reason for not asserting or inadequately presenting an issue in prior proceedings. 22 O.S. § 1086. This requires a showing that some impediment external to the defense prevented the petitioner from properly raising the claim. *Johnson*, 1991 OK CR 124, ¶ 7, 823 P.2d at 373. Petitioner has the burden of establishing that his claim is not procedurally barred. *Robinson v. State*, 1997 OK CR 24, ¶ 17, 937 P.2d 101, 108.

In this matter, Petitioner's allegations of ineffective assistance of trial counsel and violation of his speedy trial rights each could have been raised on direct appeal. Petitioner offers no sufficient reason external to the defense for failing to timely assert these issues. Consideration of these claims is procedurally barred by the doctrine of waiver. Therefore, Propositions II and III are denied.

### II.

Petitioner's claim of ineffective assistance of appellate counsel, on the other hand, is proper for post-conviction review as this is his first opportunity to raise and argue the issue. *Logan*, 2013 OK CR 2, ¶ 5, 293 P.3d at 973. Petitioner specifically alleges that counsel was ineffective for failing to assert a speedy trial claim, as raised in Proposition II of this Application, on direct appeal.

3

Post-conviction claims of ineffective assistance of appellate counsel are reviewed under the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.*, ¶ 5, 293 P.3d at 973. "Under *Strickland*, a petitioner must show both (1) deficient performance, by demonstrating that his counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding (in this case the appeal) would have been different." *Id.* (*citing Strickland*, 466 U.S. at 687-89). The presumption is strong that counsel was not deficient. *Id.*

When evaluating a claim of ineffective assistance of appellate counsel, it is unnecessary to address the performance prong if the petitioner fails to establish prejudice. *Id.* at ¶ 7, 293 P.3d at 974.

> [I]f the State can show that a claim now asserted (as an example of ineffective appellate assistance) would have been properly *rejected* on direct appeal, then the postconviction applicant will be unable to show prejudice, and the assertion of ineffective appellate assistance for failing to raise that claim should be rejected accordingly.

*Id.*

Thus, for Petitioner to succeed on his challenge to appellate counsel's effectiveness, he must demonstrate that his speedy trial claim is meritorious such that the outcome of his direct appeal would have been different had counsel so raised it.

In assessing a speedy trial claim, the Court of Criminal Appeals applies the four-part balancing test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). *Rodgers v. State*, 1976 OK CR 133, ¶ 6, 551 P.2d 295, 297. The four balancing factors to be considered are: (1) the length of the delay; (2) reason for the delay; (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. These factors are not absolute, but are balanced with other relevant circumstances owing to the delay in trial. *Ellis v. State*, 2003 OK CR 18, ¶ 25, 76 P.3d 1131, 1136.

The threshold period of time for a speedy trial inquiry in this state has generally been regarded as twelve months. *Ellis*, 2003 OK CR 18, ¶ 30, 76 P.3d at 1136-37 (citing 22 O.S.1999, § 812.1). "The mere passage of time does not establish an unconstitutional delay of a speedy trial or due process." *Simpson v. State*, 1982 OK CR 35, ¶ 6, 642 P.2d 272, 275. Rather, when considering the length of the delay, the "essential consideration is 'orderly expedition and not mere speed.'" *McFatridge v. State*, 1981 OK CR 85, ¶ 28, 632 P.2d 1226, 1231 (*quoting Smith v. United States*, 260 U.S. 1, 10 (1959)).

Regarding the length of delay in this case, two years, one month, and eight days elapsed from the date of Petitioner's arrest until the date that jury trial commenced. As the State concedes, this factor weighs in Petitioner's favor and necessitates a review of the remaining three factors.

From the record, the reasons for the majority of the delay in this case resulted from either Petitioner's requests for continuances, the parties' joint continuance of the matter by agreement, or the Court's docketing availability. In fact, the final four-month delay of Petitioner's scheduled

jury trial was caused by his own request for a continuance. There is no indication that the State ever sought a continuance in this matter or that Petitioner ever objected to any delay. No cause for delay in this case appears to be unreasonable. *See Lott v. State*, 2004 OK CR 27, ¶ 10, 98 P.3d 318, 328. Overall, this factor does not weigh in Petitioner's favor.

Regarding the third factor, the Supreme Court has recognized that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 531. Petitioner concedes that he never asserted his right to a speedy trial. Indeed, the record evidences no attempt on Petitioner's part to pursue a speedy resolution of this case. This factor weighs in the State's favor.

Finally, Petitioner has not demonstrated any particularized prejudice from the delay in his trial that exceeded the general twelve-month threshold. The *Barker* Court outlined three types of prejudice in the speedy trial context: oppressive pretrial incarceration; anxiety and concern of the accused; and impairment of the defense. *Barker*, 407 U.S. at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

The first type of prejudice is absent here; Petitioner was not incarcerated but instead remained free on bond for the two years and one month that he awaited trial. The second type of prejudice is also not particularly strong here where Petitioner has not established any particular concern or anxiety caused by the delays in trial beyond what would normally be expected of any similarly situated criminal defendant. As to the third category of prejudice, Petitioner fails to show actual impairment in his ability to present a full defense due to the delays this case being tried. Accordingly, this factor also weighs in the State's favor.

Upon balancing of the foregoing considerations, the Court finds that the *Barker* factors do not weigh in Petitioner's favor. It is safe to conclude he was not deprived of his right to a speedy trial. As such, his claim that he received ineffective assistance of appellate counsel for failing to raise this issue on direct appeal is likewise without merit. "The omission of a meritless claim, *i.e.*, a claim that was destined to lose, cannot constitute deficient performance; nor can it have been prejudicial." *Logan*, 2013 OK CR 2, ¶ 11, 293 P.3d at 975. Therefore, Proposition IV is denied.

## II.

This Court has disposed of Petitioner's Application as a matter of law based upon the pleadings and the record. There is no issue of material fact for which an evidentiary hearing is necessary to resolve. 22 O.S. §§ 1083, 1084; *Fowler v. State*, 1995 OK CR 29, ¶ 8, 896 P.2d 566, 566; *Logan*, 2013 OK CR 2, ¶¶ 20-22, 293 P.3d at 978.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Petitioner's Application for Post-Conviction Relief is **DENIED.**

Dated this 2 day of JULY, 2020.

HEATHER E. COYLE
DISTRICT JUDGE

CERTIFIED COPY
FILED OF RECORD
DISTRICT COURT

JUL 13 2020

RICK WARREN, COURT CLERK

## NOTICE OF RIGHT TO APPEAL

A final judgment under this act [Post-Conviction Procedure Act, 22 O.S. § 1080, *et seq.*] may be appealed to the Court of Criminal Appeals on petition in error filed either by the applicant or the State within thirty (30) days from entry of the judgment. Upon motion of either party on filing of notice of intent to appeal, within ten (10) days of entering the judgment, the district court may stay the execution of the judgment pending disposition on appeal; provided the Court of Criminal Appeals may direct the vacation of the order staying the execution prior to final disposition of the appeal. 22 O.S. § 1087. The party desiring to appeal from the final order must file a Notice of Post-Conviction Appeal with the Clerk of the District Court within twenty (20) days from the date the order is filed in the District Court. Rules 2.1(E)(1), 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18 App. (2020).

## CERTIFICATE OF SERVICE

I hereby certify that on the 13ᵗʰ day of July, 2020, I mailed a certified copy of the above and foregoing order, with postage thereon fully prepaid, to:

M. Michael Arnett
3133 N.W. 63ʳᵈ Street
Oklahoma City, Oklahoma 73116

COUNSEL FOR PETITIONER

and that a true and correct copy of the above and foregoing order was hand-delivered to:

Jennifer M. Hinsperger, Assistant District Attorney
Oklahoma County District Attorney's Office

COUNSEL FOR RESPONDENT

Deputy Court Clerk

6

DEC 28 2020    **IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF OKLAHOMA**

| | | |
|---|---|---|
| **KEITH LORENZO SUMPTER,** | ) | |
| | ) | DEC 28 2020 |
| **Petitioner,** | ) | JOHN D. HADDEN |
| | ) | CLERK |
| -vs- | ) | **No. PC-2020-531** |
| | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER AFFIRMING DENIAL OF
## APPLICATION FOR POST-CONVICTION RELIEF

The Petitioner has appealed to this Court from an order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. CF-2016-4057. In that case, Petitioner was convicted by a jury of Indecent or Lewd Acts With a Child Under Sixteen, and was sentenced in accordance with the jury's verdict to thirty-five years imprisonment. Petitioner appealed to this Court and his Judgment and Sentence was affirmed. *Sumpter v. State*, No. F-2018-738 (Okl.Cr. December 19, 2019) (not for publication).

Post-conviction review provides petitioners with very limited grounds upon which to base a collateral attack on their judgments. *Logan v. State*, 2013 OK CR 2, ¶ 3, 293 P.3d 969, 973. All issues that were previously raised and ruled upon by this Court in

PC-2020-531, Sumpter v. State

Petitioner's direct appeal are procedurally barred from further review under the doctrine of *res judicata* and all issues that could have been previously raised but were not are waived for further review. 22 O.S.2011, § 1086; *Logan, supra.* The burden is on the Petitioner to show that his claims are not procedurally barred and that there is sufficient reason to allow the claims to be the basis of a post-conviction application. 22 O.S.2011, § 1086; *see also Davis v. State,* 2005 OK CR 21, ¶ 2, 123 P.3d 243, 244.

All of Petitioner's propositions of error in this post-conviction proceeding revolve around a claim that he was denied the right to a speedy trial in Case No. CF-2016-4057. That issue could have and should have been raised and adequately addressed both before Petitioner's trial and in his direct appeal. The issue is therefore waived and/or procedurally barred, unless this Court finds a sufficient reason to allow the issues to be the basis of this post-conviction application. 22 O.S.2011, § 1086.

Petitioner claims his appellate counsel was ineffective for not asserting in a separate proposition on direct appeal that his right to a speedy trial was violated. This is Petitioner's first opportunity to challenge the effectiveness of his appellate counsel. *Logan,* 2013 OK

2

CR 2 at ¶ 5, 293 P.3d at 973. In order to establish his claim of ineffective appellate counsel, Petitioner must show both (1) deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for appellate counsel's unprofessional error, the result of his appeal would have been different. *Logan*, 2013 OK CR 2 at ¶ 5, 293 P.3d at 973 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Strickland*, 466 U.S. at 697.

In its order denying Petitioner's application for post-conviction relief, the District Court did a thorough job of not only finding that the outcome of Petitioner's appeal would not have been different, but also that the outcome of his trial would not have been different. The District Court also did a thorough job of not only finding that Petitioner was not prejudiced on appeal, but also that he was not prejudiced at trial. Petitioner has not met his burden of establishing that the District Court erred or abused its discretion in denying his application for post-conviction relief. *Stevens v. State*, 2018 OK CR

11, ¶ 12, 422 P.3d 741, 745.   He has not established that his appellate counsel was ineffective.   *Logan, supra*; *Strickland, supra*. Petitioner has not met his burden of establishing sufficient reason to allow his speedy trial issue to be the basis of this post-conviction application.   22 O.S.2011, § 1086; *see also Davis*, 2005 OK CR 21 at ¶ 2, 123 P.3d at 244.

Therefore, the order of the District Court of Oklahoma County denying Petitioner's application for post-conviction relief in Case No. CF-2016-4057 should be, and is hereby, **AFFIRMED**.   Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued forthwith upon the filing of this decision with the Clerk of this Court.

**IT IS SO ORDERED.**

**WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 22nd day of December, 2020.

_____
**DAVID B. LEWIS, Presiding Judge**

_____
**DANA KUEHN, Vice Presiding Judge**

PC-2020-531, Sumpter v. State

**GARY L. LUMPKIN, Judge**

**ROBERT L. HUDSON, Judge**

**SCOTT ROWLAND, Judge**

ATTEST:

Clerk

PA

5

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 2 5 2022

RICK WARREN
COURT CLERK
47

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

KEITH L. SUMPTER,                    )
                                     )
            Petitioner,              )
                                     )
v.                                   )        Case No. CF-2016-4507
                                     )
THE STATE OF OKLAHOMA,               )
                                     )
            Respondent.              )

## ORDER GRANTING STATE'S MOTION TO STRIKE APPLICATION FOR POST-CONVICTION RELIEF

**NOW** on this day, the "State's Motion to strike Application for Post-Conviction Relief" comes on before the undersigned Judge of the District Court. This Court finds that the pleadings referenced in the State's Motion should be construed as a single application for post-conviction relief as they all challenge Petitioner's convictions and sentences. See *Jones v. State*, 1985 OK CR 99, ¶ 4, 704 P.2d 1138, 1140; *Webb v. State*, 1983 OK CR 40, ¶ 3, 661 P.2d 904, 905 ("Excluding a timely appeal, the Uniform Post–Conviction Procedure Act [22 O.S.2011, § 1080 et seq.] encompasses and replaces all common law and statutory methods of challenging a conviction or sentence.").

This Court further finds that Petitioner's consolidated Application for Post-Conviction Relief does not comply with the Rules of the District Court, Seventh Judicial District. Petitioner's Application comprises 27 pages. Petitioner was not granted prior permission, upon a showing good cause, to exceed the reasonable page limitation set forth by Rule 37(B), *Official Court Rules of the Seventh Judicial and Twenty-Sixth Administrative Districts* (2018).

This Court, therefore, finds that the State's Motion should be granted. The Court orders the Clerk of the District Court to strike Petitioner's "Petition for Post-Conviction Relief OR Order Transferring Case To Federal Court" and his "Supplemental Brief In Support of Post Conviction" from the record.

Dated this _____ day of _____ 2022.

HEATHER COYLE
DISTRICT JUDGE

CERTIFIED COPY
AS FILED OF RECORD
IN DISTRICT COURT

JUL 2 5 2022

RICK WARREN COURT CLERK
Oklahoma County

**CERTIFICATE OF MAILING**

This is to certify that a true and correct copy of the above and foregoing Order Granting State's Motion to Strike was mailed on the date of filing, with postage thereon fully prepaid, to:

> Keith L. Sumpter, DOC # 799319
> Dick Connors Correctional Center
> 129 Connors Road
> Hominy, Oklahoma 74035

and that a true and correct copy of the above and foregoing Order Granting State's Motion to Strike was hand-delivered to:

> Brant M. Elmore, Assistant District Attorney
> Oklahoma County District Attorney's Office
> Oklahoma County Office Building
> Oklahoma City, OK 73102

Deputy Court Clerk

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KEITH SUMPTER,

           Petitioner,

v.                                                        Case No. 22-CV-0343-JFH-JFJ

JANET DOWLING,

           Respondent.

<u>**ORDER TO CURE DEFICIENCIES**</u>

Petitioner Keith Sumpter, an Oklahoma prisoner appearing *pro se*, initiated this action on

August 1, 2022, by filing a Petition for Habeas Corpus Challenging State Court Rules, Practices,

Regulations, Policies et al. ("Petition"). Dkt. No. 1. Sumpter appears to claim he is in state custody

in violation of federal law. Based on the allegations in the Petition, the Court directed the Clerk

of Court to open a federal habeas action and to docket the Petition as a petition for writ of habeas

corpus seeking relief under 28 U.S.C. § 2254. However, before this action may proceed, Sumpter

must cure the following deficiencies.

**A.    Petition for Federal Habeas Relief**

This Court's jurisdiction to consider the validity of a person's custody under a criminal

judgment imposed by a state court is limited. The Court may grant federal habeas relief to "a

person in custody pursuant to the judgment of a State court only on the ground that [the person] is

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *see also* 28 U.S.C. § 2241(c)(3) (authorizing federal courts to grant relief to a petitioner

who "is in custody in violation of the Constitution or laws or treaties of the United States").

Sumpter presently is in custody at Dick Conner Correctional Center, in Hominy,

Oklahoma. Dkt. No. 1 at 1. Sumpter did not provide any information in the Petition regarding his underlying state-court judgment or identify any identifiable habeas claims in the Petition. If Sumpter intends to challenge the validity of his custody under a state-court judgment, he must file a § 2254 petition using the court-approved form. *See* Local Civil Rules of the United States District Court for the Northern District of Oklahoma ("LCvR") 3-1(c) (requiring prisoners to use court-approved forms to initiate federal habeas actions). The form must be sufficiently completed so that this Court can determine whether Sumpter has properly invoked federal habeas jurisdiction and whether Sumpter identifies any cognizable habeas claims. Because the Petition is not on the court-approved form and does not provide information equivalent to that required by the form, it is a deficient initiating document and shall be STRICKEN from the record.

The Clerk of Court shall send to Sumpter one blank 28 U.S.C. § 2254 petition for writ of habeas corpus (form AO-241), identified for Case No. 22-CV-0343-JFH-JFJ. If Sumpter intends to proceed with this federal habeas action to challenge a state-court judgment for which he presently is in state custody, he shall file a properly completed petition for writ of habeas corpus, on the court-approved form no later than September 9, 2022. If Sumpter does not file a petition using the court-approved form, the Court will dismiss this action without further notice.

**B.    Motion for Leave to Proceed *In Forma Pauperis***

A $5 filing fee is necessary to commence a federal habeas action. If Sumpter seeks leave to proceed without prepayment of the filing fee, he must file a motion to proceed *in forma pauperis* on the court-approved form. LCvR3-2(a). The Clerk of Court shall send to Sumpter one blank motion for leave to proceed *in forma pauperis* (form AO-240), identified for Case No. 22-CV-0343-JFH-JFJ. If Sumpter files a petition for writ of habeas corpus as directed in this order, he shall either pay the $5 filing fee or file a motion for leave to proceed in *forma pauperis*, on the

court-approved form, when he files the petition.

THEREFORE, IT IS ORDERED that:

1. The Petition [Dkt. No. 1] is deficient and shall be STRICKEN from the record.

2. The Clerk of Court shall send to Sumpter one blank 28 U.S.C. § 2254 petition for writ of habeas corpus (form AO-241), identified for Case No. 22-CV-0343-JFH-JFJ.

3. If Sumpter intends to proceed with this federal habeas action, he shall file a properly completed petition for writ of habeas corpus, on the court-approved form no later than September 9, 2022.

4. The Clerk of Court shall send to Sumpter one blank motion for leave to proceed *in forma pauperis* (form AO-240), identified for Case No. 22-CV-0343-JFH-JFJ.

5. If Sumpter files a petition for writ of habeas corpus as directed in this order, he shall either pay the $5 filing fee or file a motion for leave to proceed *in forma pauperis*, on the court-approved form, when he files the petition.

Dated this 19th day of August 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

3



# AFFIDAVIT

I, Lalethia Sabrina Frederick. Oklahoma City, Oklahoma, do under oath swear that following statements are true and correct:

1. That despite my earlier testimony I did not see Mr. Sumpter deliberately expose himself.

2. That I never saw Mr. Sumpter commit a crime against my daughter, La'le.

3. That my daughter has admitted to me that nothing happened between Mr. Sumpter and herself.

4. That she also told me that the reason she did not want him around was because he wouldn't play with her and her brother. That he didn't take them to the park.

5. That I have not been coerced or threatened in anyway. These statements are my own and given freely.

AFFIENT FURTHER SAETH NOT!

_Laleth Sib_
Lalethia Sabrina Frederick


SWORN TO AND SUBSCRIBED before me on the 21 day of ___Feb___, 2017.

_Kristen Hartman_
Notary

KRISTEN HARTMAN
Notary Public
State of Oklahoma
Commission # 15003378  Expires 04/09/19


KLS

Keith Sumpter #799319
109 Conners RD
Hominy, OK 74035

Clerk, United States District Court
Northern District of OK
333 West Fourth St Room 411
Tulsa, OK 74103

22cv343

RECEIVED
SEP 12 2022
Mark C. McCartt, Clerk
US DISTRICT COURT

Postmark
9/9/22

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 74035
02 7W
0000604694

$ 004.08⁰
SEP 08 2022