## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEITH SUMPTER, | ) | |
| also known as Keith Lorenzo Sumpter, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-00862-JD |
| | ) | |
| DAVID BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R. & R.") [Doc. No. 21] recommending that the Court grant David Buss's Motion to Dismiss ("motion") [Doc. No. 17] and dismiss Petitioner Keith Sumpter's Petition for Writ of Habeas Corpus ("petition") under 28 U.S.C. § 2254 [Doc. No. 3] as untimely under § 2244. In making her recommendations and findings, Judge Mitchell had the benefit of Buss's brief in support of the motion [Doc. No. 18] and Sumpter's response to the motion. [Doc. No. 19].[1] *See also* [Doc. No. 21 at 2].[2]

Sumpter timely objected to the R. & R. [Doc. No. 24]. *See also* Pet'r Mot. [Doc. No. 22]; Order [Doc. No. 23] (granting Sumpter additional time to object).

---

[1] The parties also have attached the relevant orders and opinions as exhibits to the petition and motion. Sumpter's state court proceedings also are publicly available on the Oklahoma State Courts Network, at <u>www.oscn.net</u>. The R. & R. considered the exhibits and took judicial notice of the docket report in Sumpter's state court proceedings. This Court has done the same.

[2] The Court uses CM/ECF page numbering in this Order.

The Court liberally construes Sumpter's filings because he is proceeding pro se. The Court also reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also Morgan v. Oklahoma*, 814 F. App'x 353, 355 (10th Cir. 2020) (unpublished) (explaining that "a party's objections to the magistrate judge's report and recommendation" should be "specific" (internal quotation marks and citation omitted)).

Having reviewed the record, and under the legal standards, the Court accepts the R. & R. and dismisses Sumpter's petition as untimely. The Court also declines to issue a certificate of appealability.

## I.    BACKGROUND

In Oklahoma County, Sumpter was convicted of one count of indecent or lewd acts with a child under sixteen. He appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), and that Court affirmed his conviction. After the Oklahoma County District Court denied him post-conviction relief and the OCCA affirmed, Sumpter filed this petition.

## II.   LEGAL STANDARDS

An application for a writ of habeas corpus by a state prisoner must be filed within one year of the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized
        by the Supreme Court, if the right has been newly recognized by the
        Supreme Court and made retroactively applicable to cases on collateral
        review; or

(D)     the date on which the factual predicate of the claim or claims presented
        could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (a provision of the Antiterrorism and Effective Death Penalty Act

("AEDPA")).

        AEDPA allows for tolling of the limitations period while a properly filed state

post-conviction proceeding is pending before the state courts. 28 U.S.C. § 2244(d)(2). If

the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way" and prevented timely filing, the petitioner is

entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A "credible

showing of actual innocence" may also allow a petitioner to pursue his habeas claims on

the merits despite an otherwise untimely petition. *McQuiggin v. Perkins*, 569 U.S. 383,

392 (2013) (referring to this as an "equitable exception" or "fundamental miscarriage of

justice exception").

III.    <u>**ANALYSIS**</u>

        The R. & R. finds that Sumpter's deadline to file the petition under AEDPA was

November 1, 2021, considering statutory tolling he receives under § 2244(d)(2). The R.

& R. also finds that Sumpter is not entitled to equitable tolling of this limitations period

because the record does not reflect that he diligently pursued his claims or that he was

prevented from doing so. The R. & R. further finds that Sumpter has not demonstrated he

is entitled to the actual innocence exception. Consequently, the R. & R. recommends that Sumpter's habeas petition is untimely because it was not filed until July 23, 2022.

Sumpter makes various arguments in his objections to the R. & R, but only some of his arguments specifically address the R. & R.'s recommendations that Sumpter's petition was filed out of time and that Sumpter is not entitled to equitable tolling or the actual innocence exception. Sumpter challenges the R. & R.'s recommendation that he is not entitled to equitable tolling or the equitable exception for actual innocence.[3]

First, liberally construing his objection, Sumpter argues he was diligent in pursuing his rights, seeking to benefit from equitable tolling of his AEDPA limitations period. *See* [Doc. No. 24 at 15–16]. He does not, however, elaborate how he pursued his rights diligently or how his efforts were hindered. Instead, he summarily states that he "was not allowed to use [the] law library facility," that "no official employee came around to see if inmates needed legal assistance," and that "Covid illness and murders of

---

[3] Sumpter does not challenge Judge Mitchell's findings about when the statute of limitations began to run, the amount of time he receives for statutory tolling, or any of the relevant background. Rather, his arguments in the objection focus on (1) whether his limitations period should be tolled or excepted based on equitable tolling or equitable exception (i.e., actual innocence) and (2) areas the R. &. R. does not reach (such as the merits). The Court cannot meaningfully add to Judge Mitchell's findings and analysis on the unobjected-to aspects, and the Court accepts all unobjected-to aspects of the R. & R. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Also, the R. & R. did not reach the merits of Sumpter's claims. *See* [Doc. No. 21 at 3 ("The undersigned will not reach the merits of these claims because, as explained below, Petitioner's habeas petition was filed out of time and Petitioner is not entitled to equitable tolling or the actual innocence exception.")]. Thus, the Court does not reach arguments in Sumpter's objection addressing the merits of his habeas claims.

inmates" impeded and hindered him. *Id.*[4] These conclusory statements are not sufficient to show diligence and extraordinary circumstances for equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (explaining that the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims" and that "[h]is conclusory statement . . . will not suffice" (internal quotation marks omitted)).

Second, Sumpter continues to claim that actual innocence excepts him from the one-year statute of limitations in AEDPA. In *McQuiggin v. Perkins*, the Supreme Court recognized that "a credible showing of actual innocence" provides an equitable exception to AEDPA's statute of limitations. 569 U.S. 383, 392 (2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

Here, Sumpter bases his claim on an affidavit by the victim's mother. He argues that although the evidence was known at trial (and indeed was raised by him and addressed by the OCCA on direct appeal), it exempts his petition from the statute of

---

[4] To the extent any of his arguments are raised for the first time in his objection, they are deemed waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

limitations because it shows he is actually innocent. However, the miscarriage of justice exception that Sumpter seeks to use "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup*, 513 U.S. at 329); *see also Schlup*, 513 U.S. at 321 ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, th[e] Court [has] explicitly tied the miscarriage of justice exception to the petitioner's innocence."). Sumpter's argument fails because (1) the affidavit is not new evidence and (2) although he may have benefitted from admission of the affidavit at trial, nothing in it shows that it is more likely than not that no reasonable juror would have convicted him. Thus, he has not made "a credible showing of actual innocence." *McQuiggin*, 569 U.S. at 392.

Sumpter also points to two video testimonies of the victim, L.H., that he claims show he was actually innocent. The Court has reviewed the record and does not see that Sumpter previously raised the videos as a basis for his actual innocence claim. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall*, 75 F.3d at 1426.

The Court finds Sumpter waived this argument for actual innocence because it was not before Judge Mitchell. Thus, the Court need not consider this new argument. *See id.* Alternatively, even assuming Sumpter's argument on the videos is properly presented for the first time in an objection to the R. & R., the Court finds the videos also do not make a

credible showing of actual innocence or meet the legal standards above. Specifically, Sumpter alleges in the objection that the videos arose during jury trial proceedings, but he does not say precisely what the videos show. *See* [Doc. No. 24 at 11]. Consequently, even if the videos are considered new evidence, Sumpter has not shown that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386.

Beyond addressing Sumpter's objections to the R. & R. that focus on the timeliness of the petition, the Court cannot meaningfully add to the findings and recommendations made by Judge Mitchell, which the Court adopts as its own. The Court overrules the objection by Sumpter and accepts the R. & R.

## IV.   APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Sumpter must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Sumpter can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

After considering this Order, the R. & R., the objection, and thoroughly and carefully reviewing the record, the Court finds that reasonable jurists could not debate the

Court's determinations that Sumpter's habeas petition is untimely under § 2244(d) and that he is not entitled to equitable tolling or equitable exception for actual innocence. Because Sumpter cannot make the required showing, the Court declines to issue a certificate of appealability.

## V.  CONCLUSION

Accordingly, the Court ACCEPTS the R. & R. issued by United States Magistrate Judge Suzanne Mitchell [Doc. No. 21], GRANTS Buss's motion [Doc. No. 17], and DISMISSES Sumpter's § 2254 action as untimely, which operates by law as a dismissal with prejudice. *See Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying a certificate of appealability and dismissing the appeal where the district court dismissed with prejudice untimely § 2254 habeas petition); *see also McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases).[5] The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 16th day of February 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[5] Given the dismissal of Sumpter's petition, his Motion to Expand the Record is moot. [Doc. No. 25]. *See also* Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("*If the petition is not dismissed*, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." (emphasis added)).